UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD FURNACE,<br><br>                    Plaintiff,<br><br>     v.<br><br>L. VASQUEZ,<br><br>                    Defendant. | Case No.: 1:11cv02034 LJO DLB (PC)<br><br>ORDER REGARDING DEFENDANT'S REQUEST FOR CLARIFICAITON<br><br>(Document 20) |

Plaintiff Edward Furnace ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

**PROCEDURAL BACKGROUND**

Plaintiff filed this action on December 9, 2011. On October 10, 2012, the Court ordered that the action proceed on Plaintiff's claim against Defendant Vasquez for violation of the First and Fourteenth Amendments.

Defendant filed an answer on July 22, 2013.

On July 24, 2013, the Court issued a Discovery and Scheduling Order. Part I of the Order requires the parties to provide initial disclosures, including names of witnesses and production of documents.

1

On August 13, 2013, Defendant filed a request for clarification from the Magistrate Judge of the requirements of Part I of the Order.

## **DISCUSSION**

As an initial matter, the Court notes that the discovery order at issue, which has been used and upheld in other actions in this Court, was implemented in light of the numerous discovery issues that were arising with increasing frequency in other pro se prisoner actions. Discovery practices were bordering on unnecessarily obstructive, and these tactics caused numerous discovery disputes that required extensive Court resources to resolve. The intent of the order is to discourage similar wasteful activities.

At the same time, the Court recognizes that this is a change in how prisoner cases are handled and appreciates the parties' attempts at cooperation. Nonetheless, most of the issues raised in this Request for Clarification have been asked and answered numerous times in the context of prior Motions for Reconsideration in other actions.

A.  Documents and Information to be Disclosed is Limited to Discoverable Information

Defendant requests that the "documents and information to be disclosed [be] limited to discoverable information." Mot. 2. As has been previously explained, while the order may not specifically state that disclosures are limited to "discoverable information," the context of the order, as well as common sense, dictate that only discoverable information need be exchanged.

Indeed, the order limits Defendant's disclosures to information regarding individuals "likely to have information about Defendant(s)' claims or defenses, or who will be used to support Defendant(s)' version of the events described in the complaint." July 24, 2013, Order at 2. That the language doesn't track the "may be used to support its claims or defenses" language used in Rule 26(a)(1)(A) does not alter the basic tenants of discovery.

B.  Definition Used in Allen v. Woodford is Applicable

Next, Defendant questions the order's requirement that Defendant provide Plaintiff with "copies of all documents and other materials in the care, custody or control of any Defendant(s) or the California Department of Corrections and Rehabilitation…" July 24, 2013, Order at 2. Defendant

requests that the documents be limited to documents that fall within the definition used in <u>Allen v. Woodford</u>, 2007 WL 309945 (E.D. Cal 2007) and which Defendant has the legal right to demand and obtain in the course of employment.

The order specifically cites the definition used in <u>Allen</u> as applicable to Defendant's production obligation, making clarification unnecessary. In any event, as the Court has explained in prior orders, the <u>Allen</u> standard requires no more than production of information for which Defendant as "the legal right to obtain" on demand. If a document does not fall within the definition of <u>Allen</u>, it need not be produced. Certainly, Defendant will not have "possession, custody or control" of *all* of CDCR's documents. The order does not require Defendant to produce documents that she cannot otherwise obtain in the course of her employment.

C.   <u>Production of Grievances and Appeals Thereof is Governed by Rule 26(b)(1)</u>

Finally, Defendant requests that only grievances and related appeals, as well as the determination of those grievances and appeals, related to the issues in Plaintiff's complaint be produced.

Again, the discovery order does not alter the basic rules of discovery *that only discoverable information need be produced.* The definition set forth in Rule 26(b)(1) remains applicable. Of course, the specific facts of each case will determine the scope of discoverable grievances and appeals, and the Court will not create a blanket rule limiting discovery of such documents to the issues raised in the complaint. Nonetheless, the parties should remain guided by Rule 26(b)(1) in determining what documents to produce.

IT IS SO ORDERED.

Dated:   **August 26, 2013**          /s/ *Dennis L. Beck*
                                      UNITED STATES MAGISTRATE JUDGE