# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

EDWARD FURNACE,

                Plaintiff

             v.

L. VASQUEZ,

               Defendant.

CASE No. 1:11-cv-02034-LJO-DLB (PC)

ORDER DENYING PLAINTIFF'S
MOTION TO AMEND THE COMPLAINT

(ECF No. 28)

## I.    **Procedural History**

Plaintiff Edward Furnace ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983. This action was filed on December 9, 2011 and is proceeding against Defendant Vasquez for violations of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment with regards to Plaintiff's incoming mail and calendar. (ECF No. 13.)  Pursuant to the scheduling order filed on July 24, 2013, the deadline to amend the pleadings was November 19, 2013.  (ECF No. 19.)  On October 17, 2013, Plaintiff filed a timely motion to file a first amended complaint to add new claims (ECF No. 28.)  Defendant Vasquez filed an opposition on November 6, 2013 and Plaintiff filed a reply on November 21, 2013.  (ECF Nos. 30 & 31.)

In his proposed amended complaint, Plaintiff seeks to add two claims to his complaint; a claim for the violation of Plaintiff's due process rights under the Fourteenth Amendment and a claim for retaliation under the First Amendment. (ECF No. 29, at 10-13.)  Plaintiff alleges that the Department Operations Manual ("DOM") § 54030.21-5 and Operational Procedure ("OP") 205 E 3.b were used by Defendant Vasquez to obstruct the delivery of Plaintiff's mail, resulting in the

1 violation of his constitutional rights under § 1983. (ECF No. 29.)  Plaintiff also seeks additional
2 relief, which includes, (1) the arrest and/or federal indictment of Defendant Vasquez; and (2) the
3 repeal of DOM § 54030.21.5 and OP 205 E 3.b.

**II.    Analysis**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's
pleading once as a matter of course at any time before a responsive pleading is served.  Otherwise,
a party may amend only by leave of the court or by written consent of the adverse party, and leave
shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  In this case, a responsive
pleading has been served.  Therefore, Plaintiff may not file an amended complaint without leave
of court.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so
requires.'"  *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006)
(quoting Fed. R. Civ. P. 15(a)).  However, courts "need not grant leave to amend where the
amendment:  (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue
delay in the litigation; or (4) is futile."  *Id.*  The factor of "'[u]ndue delay by itself . . . is
insufficient to justify denying a motion to amend.'"  *Owens v. Kaiser Foundation Health Plan,
Inc.,* 244 F.3d 708, 712-3 (9th Cir. 2001) (quoting *Bowles v. Reade*, 198 F.3d 752, 757-58 (9th
Cir. 1999)).

**A.    Undue Delay**

In this instance, undue delay appears to be a factor.   This action was filed on December 9,
2011 and Plaintiff did not file his motion to amend the complaint until October 17, 2013.
Plaintiff's "new claims" were exhausted on May 9, 2013, the date of the Third Level Appeal
decision denying his appeal in connection with the 2012 return of his calendar and the retaliation
claims. (ECF No. 28 at 36.)  Plaintiff waited five months to file his request for leave to amend
without providing any explanation for the delay. Defendant has answered the complaint and filed
her initial disclosures. Plaintiff tenders no explanation for the delay, asserting in his motion only
that he has determined the new claims should be added.  This is insufficient to excuse a delay
measured in several months when the discovery deadline was approaching.

2

**B.** **Futility**

**1.** **Retaliation Claims**

Further, it would be futile to allow Plaintiff leave to amend to add a retaliation claim. Plaintiff's proposed retaliation claim is premised Defendant Vasquez obstructing Plaintiff's access to his mail for a second time in 2012.[1]  Plaintiff alleges that Defendant Vasquez denied him his mail in retaliation for him filing this action.

Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a section 1983 claim.  *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *accord Watison v. Carter*, 668 F.3d 1108, 1114-15 (9th Cir. 2012); *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009).

Such claims must be evaluated in light of the deference that must be accorded to prison officials. *See Pratt*, 65 F.3d at 807; *see also Vance v. Barrett*, 345 F.3d 1083, 1093 (9th Cir. 2003). The prisoner must submit evidence to establish a link between the exercise of constitutional rights and the allegedly retaliatory action. *Compare Pratt*, 65 F.3d at 807 (finding insufficient evidence), *with Valandingham v. Bojorquez*, 866 F.2d 1135, 1138-39 (9th Cir. 1989) (finding sufficient evidence). Finally, the prisoner must demonstrate that her or his First Amendment rights were chilled or infringed by the alleged retaliatory action. *See Resnick v. Hayes*, 213 F.3d 443, 449 (9th Cir. 2000); *see also Brodheim*, 584 F.3d at 1271 (explaining that in *Rhodes*, 408 F.3d at 568-69, the court explicitly held that an objective standard governed the chilling inquiry; the plaintiff need not show that his or her speech was actually inhibited or suppressed); *Rhodes*, 408 F.3d at 568

---

[1] The first instance took place in 2009 and is the premise of the claims currently proceeding against Defendant Vasquez.

1  (explaining that, at the pleading stage, a prisoner is not required "to demonstrate a *total* chilling of

2  his [or her] First Amendment rights to file grievances and to pursue civil rights litigation in order

3  to perfect a retaliation claim. Speech can be chilled even when not completely silenced."); *Gomez*

4  *v. Vernon*, 255 F.3d 1118, 1127-28 (9th Cir. 2001) (explaining that where an inmate quit his law

5  library job in the face of repeated threats of transfer, the inmate demonstrated a chilling effect in

6  violation of his First Amendment rights). "[W]here a prisoner alleges a correctional officer has

7  falsely accused [the prisoner] of violating a prison rule in retaliation for the prisoner's exercise of

8  his [or her] constitutional rights, the correctional officer's accusation is not entitled to the 'some

9  evidence' standard of review that [the court should] afford disciplinary administrative decisions."

10 *Hines*, 108 F.3d at 269; *see also Bruce*, 351 F.3d at 1289.

11         Here, Plaintiff's proposed amended complaint fails to state a claim for retaliation, in

12 violation of the First Amendment.  Plaintiff's conclusory statement that Defendant Vasquez

13 denied Plaintiff his mail in retaliation for filing this action is insufficient to state a valid claim. *See*

14 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

15 555 (2007)).  Plaintiff himself states that Defendant Vasquez denied him his mail pursuant to the

16 DOM and OP.  (ECF No. 29 at 10-11.)  Accordingly, allowing Plaintiff's to amend his complaint

17 to add a retaliation claim would be futile because Plaintiff fails to state a claim.

18                        **2.**     **Due Process Claims**

19         As to Plaintiff's proposed due process claim, Plaintiff alleges that Defendant Vasquez

20 violated his due process rights when he refused Plaintiff's shipments of calendars without issuing

21 Plaintiff a form to appeal the denial.  (ECF No. 29 at 10.)  The Due Process Clause protects

22 Plaintiff against the deprivation of liberty without the procedural protections to which he is

23 entitled under the law.  *Wilkinson v. Austin*, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005).  To state a

24 claim, Plaintiff must first identify the interest at stake.  *Id.* Liberty interests may arise from the

25 Due Process Clause itself or from state law.  *Id.*  The Due Process Clause does not confer on

26 inmates a liberty interest in avoiding more adverse conditions of confinement, and under state law,

27 the existence of a liberty interest created by prison regulations is determined by focusing on the

28 nature of the condition of confinement at issue.  *Id.* at 221-23 (citing *Sandin v. Conner*, 515 U.S.

1  472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted).  Liberty interests created by

2  prison regulations are generally limited to freedom from restraint which imposes atypical and

3  significant hardship on the inmate in relation to the ordinary incidents of prison life.  *Id.* at

4  221(citing *Sandin*, 515 U.S. at 484) (quotation marks omitted); *Myron v. Terhune*, 476 F.3d 716,

5  718 (9th Cir. 2007).

6      Here, Plaintiff's proposed amended complaint fails to state a claim against Defendant

7  Vasquez for violations of his due process rights.  Plaintiff does not have a liberty interest in the

8  appeal process for not receiving his mail.  *Ramirez v. Galaza,* 334 F.3d 850, 860 (9th Cir. 2003)

9  (citing *Mann v. Adams,* 855 F.2d 639, 640 (9th Cir.1988)).  Thus, allowing Plaintiff to add a due

10  process claim to his complaint would be futile because he fails to state a claim.

11      **3.    Additional Relief**

12      Finally, the proposed relief that Plaintiff seeks in his amended complaint is futile because

13  Defendant Vasquez cannot be held liable for some of the relief sought by Plaintiff. Plaintiff wants

14  to have Defendant Vasquez arrested and/or indicted for following CDCR policy. However,

15  Plaintiff has no liberty or property right secured by the Constitution or laws of the United States to

16  pursue criminal charges. Victims of crime do not have a private right of action to pursue criminal

17  charges against those who victimized them. *See Diamond v. Charles*, 476 U.S. 54, 64 (1986);

18  *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially

19  cognizable interest in the prosecution or nonprosecution of another.").  Additionally, Plaintiff has

20  not alleged facts to show that Defendant Vasquez has the power to repeal DOM § 54030.21.5 and

21  (OP) 205 E 3.b.  A plaintiff seeking injunctive relief against the State needs to identify the law or

22  policy challenged as a constitutional violation and name the official within the entity who can

23  appropriately respond to injunctive relief. *Hartmann v. Cal. Dept. of Corrections and Rehab.,* 707

24  F.3d 1114, 1127 (9th Cir. 2013) (citations omitted).  Thus, allowing Plaintiff to amend his

25  complaint to add the proposed relief would be futile because the Court cannot grant the relief

26  Plaintiff seeks.

27  ///

28  ///

5

**III.**  **Conclusion and Order**

As discussed above, the Court finds that allowing Plaintiff to amend the complaint would be both futile and cause an unduly delay in the litigation.  Accordingly, it is HEREBY ORDERED that Plaintiff's motion to amend the complaint, filed October 17, 2013, is DENIED.

IT IS SO ORDERED.

Dated:   **December 17, 2013**                      /s/ *Dennis L. Beck*
                                                        UNITED STATES MAGISTRATE JUDGE

6